1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Dunn, | ) No. CV 1-08-873-NVW |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Matthew Cate, et al., | ) |
| Defendants. | ) |
| | ) |

Plaintiff Phillip Dunn, who is confined in the Pleasant Valley State Prison, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On February 13, 2009, the Court dismissed the Complaint with leave to amend. On March 6, 2009, Plaintiff filed a First Amended Complaint (Doc. #10). The Court will order Defendants Cate, Greenman, Enenmoh and Fisher to answer Counts I and II of the Amended Complaint and will dismiss the remaining claim without prejudice.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.     Amended Complaint

Plaintiff names Secretary of Corrections Matthew Cate, Chief Medical Officer Dr. Greenman, Chief Medical Officer Dr. Enenmoh, and Correctional Captain Fisher as Defendants in the Amended Complaint.

Plaintiff raises three grounds for relief in the Amended Complaint.  In Count I, Plaintiff claims his Eighth Amendment rights are violated by Defendant Cate's policies which do not allow Plaintiff to receive treatment for insomnia, receive a pain pump, or allow Plaintiff to receive medication four times per day, and limit the types of pain medication available to inmates.  Plaintiff contends these policies have caused him to suffer pain for several years.  Plaintiff also claims that Defendant Greenman allowed Plaintiff's wheelchair to be confiscated and allowed the medical department to deny Plaintiff treatment for chronic medical problems. Finally, Plaintiff alleges that Defendant Enenmoh allowed Plaintiff's pain medication to be taken away and ordered Plaintiff's wheelchair to be taken from him "which forced [plaintiff] to have to scoot around on [his] hands to move about the cell."

In Count II, Plaintiff claims that Defendant Fisher violated Plaintiff's Eighth Amendment rights when he failed to act although he knew that his staff were telling gang members that Plaintiff was a child molester.  Plaintiff claims that he was attacked by another inmate, that he again complained to Defendant Fisher about staff placing him in danger, and that Defendant Fisher told Plaintiff there was nothing he could do.

In Count III, Plaintiff claims that he was subject to several acts of retaliation by staff and that Defendant Fisher knew of these acts but "has done nothing but support his staff."

Plaintiff seeks monetary damages and injunctive relief.

## III.     Failure to State a Claim

To state a claim for retaliation, an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest."  Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997).   In Count III, Plaintiff has not alleged that prison officials acted in retaliation for

Plaintiff's exercise of a constitutionally protected right. Accordingly, Plaintiff has failed to state a retaliation claim in Count III.

Plaintiff's allegations are also insufficient to state an Eighth Amendment claim against Defendant Fisher. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268. Plaintiff's broad allegation that Defendant Fisher was aware of his staff's actions, without specific facts to support the allegation, is insufficient to demonstrate that Defendant Fisher was deliberately indifferent to an excessive risk to Plaintiff's health or safety, as required to state an Eighth Amendment Claim. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Court will therefore dismiss Count III for failure to state a claim.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff's allegations in Counts I and II adequately state a claim and the Court will require Defendants Cate, Greenman, Enenmoh and Fisher to answer Counts I and II.

**V.    Warnings**

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count III  is **dismissed** without prejudice.

(2)     Defendants Cate, Greenman, Enenmoh and Fisher must answer Counts I and II of the Amended Complaint.

(3)     The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #10), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Cate, Greenman, Enenmoh and Fisher .

(4)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)     Plaintiff must not attempt service on Defendants and must not request waiver of service.  Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

. . .

. . .

. . .

. . .

. . .

1      (6)    **If Plaintiff fails to return the Notice of Submission of Documents and the**
2  **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
3  **must, without further notice, enter a judgment of dismissal of this action without**
4  **prejudice.** <u>See</u> **Fed. R. Civ. P. 41(b).**

5      DATED this 6th day of April, 2009.

_____

Neil V. Wake
United States District Judge