**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Phillip Dunn | No. CV-08-0873-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Matthew Cate, et al., | |
| Defendants. | |

Plaintiff, proceeding *in forma pauperis*, brought this § 1983 suit challenging the conditions of his confinement in two prisons within the California Department of Corrections (CDC). Defendants have moved to dismiss on several grounds: (1) Plaintiff did not exhaust his administrative remedies with respect to Defendant Fisher; (2) Plaintiff fails to state a claim against Defendants Cate, Greenman, and Enenmoh because these Defendants lack authority over the medical policies and practices that Plaintiff complains of; and (3) Plaintiff's claims against Defendants Cate, Greenman, and Enenmoh are barred by the doctrine of claim preclusion.

Plaintiff's claim against Defendant Fisher will be dismissed without prejudice. The Court will request that Defendants provide further briefing with respect to their lack of authority and preclusion defenses.

## I.     Background

On June 23, 2008, Plaintiff commenced this action claiming that he was not provided with adequate medical treatment in prison. Plaintiff amended his complaint on March 6, 2009, to include more detail regarding the inadequacy of the medical care he received. At that time, Plaintiff also added a new claim against Defendant Fisher, alleging that Defendant Fisher and his staff acted with deliberate indifference by intentionally and falsely telling other inmates that Plaintiff was a child molester and failing to protect Plaintiff from subsequent assaults by other inmates.

### A.     Inadequate Medical Care

Plaintiff claims that he was denied adequate medical care while he was housed at the Substance Abuse Treatment Facility and State Prison in Corcoran California (SATF) and at Avenal State Prison (ASP). Plaintiff suffers from various illnesses, including Chronic Pain Syndrome, Degenerative Disk Disease, and Failed Back Syndrome. Plaintiff complains that Defendant Matthew Cate, Secretary of Corrections, has established policies denying inmates treatment for insomnia and arbitrarily denying inmates access to pain medication. Plaintiff further claims that Defendants Greenman, Chief Medical Officer at ASP, and Enenmoh, Chief Medical Officer at SATF, have: (1) arbitrarily reduced or eliminated his pain medication; (2) arbitrarily taken away Plaintiff's wheelchair and knee braces and provided inadequate replacements; (3) prevented Plaintiff from seeing the surgeon who operated on his back in 2006 and prevented him from obtaining therapy after the surgery; and (4) allowed nursing staff to be verbally abusive to Plaintiff on numerous occasions.

On March 13, 2008, approximately three months before Plaintiff filed suit in federal court, Plaintiff brought a petition for writ of habeas corpus in state court also alleging lack of adequate medical treatment. Specifically, Plaintiff claimed that, while at SATF and ASP, his medication was arbitrarily reduced or eliminated, his wheelchair and knee braces were taken away and inadequate substitutes provided, and that the nursing

1  staff were verbally abusive.   Plaintiff alleged that the inadequate care provided to him
2  was the result of established policies or practices.
3        In September 2008, the state court decided Plaintiff's claims on the merits, finding
4  that Plaintiff was receiving appropriate review and attention with regards to his
5  prescription pain medication, and that assistive devices that addressed Plaintiff's needs
6  and preferences had been or were being procured pursuant to a Corrective Action Plan
7  submitted to the court by the CDC.  The state court subsequently dismissed Plaintiff's
8  petition without prejudice to Plaintiff's ability to file a new petition if medical personnel
9  failed to comply with the Corrective Action Plan.  *In re Dunn*, No. 08W0047A  (Cal.
10 Super. Ct. Kings County Sept. 15, 2008).

### B. Failure to Protect

12       Plaintiff also alleges that Defendant Fisher and his staff falsely and intentionally
13 told other inmates that Plaintiff was a child molester in order to silence him and then
14 failed to protect him from assaults by other inmates.  Plaintiff claims that he was beaten
15 twice while he was housed at SATF.  The first incident apparently occurred in August
16 2008.  Plaintiff was attacked by his cell-mate.  Plaintiff alleges that a corrections officer
17 announced loudly that Plaintiff was a child molester before placing him in the cell.
18 Plaintiff suffered a broken bone in his hand and various bruises in his head and face.  The
19 second incident took place in November 2008.  Plaintiff was struck in the face by another
20 inmate as he was coming out of the dining hall.
21       The two assaults Plaintiff complains of occurred after Plaintiff filed his first
22 complaint in June 2008. On November 24, 2008, Plaintiff was transferred to Pleasant
23 Valley State Prison from SATF.  While being processed, Plaintiff informed staff that he
24 was concerned about his personal safety.  On December 4, 2008, Plaintiff's claim was
25 reviewed for the first time.  His second level appeal was denied on December 22, 2008.
26 Plaintiff filed his Appeal Form requesting Director's level review on or about February 9,
27 2009.  Then, on March 6, 2009, Plaintiff filed his Amended Complaint in this case adding
28 his new claim against Defendant Fisher.  On April 13, 2009, Plaintiff's Director's level

- 3 -

appeal was granted in part.  The Director ordered the prison to refer Plaintiff's case "to the Hiring Authority for review of the allegations of staff misconduct . . . and [to] ensure [that] staff address the allegations raised by the appellant . . . ."

## II.     Standard of Review

To avoid dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), a plaintiff must "provide the grounds of [his] entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The pleading must not merely allege conduct that is conceivable, but a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 556-57. In considering a motion to dismiss, "all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiff[]."  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation and internal quotation marks omitted).

## III.    Analysis

### A.     Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances.  *See* 42 U.S.C. § 1997(e) (2008).  He may bring a complaint in federal court only after the administrative process ends and leaves his grievances unredressed.  *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *see also Booth v. Churner*, 532 U.S. 731, 738 (2001) ("The 'available' 'remedy' must be 'exhausted' before a complaint under § 1983 may be entertained.").

A complaint is "brought" by a prisoner when he submits it to the court.  *Vaden*, 449 F.3d at 1050.  This rule promotes Congressional objectives, described by the Supreme Court as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims.

> And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy."

*Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (citation omitted).

There is no question that Plaintiff had exhausted his only claim asserting lack of adequate medical treatment at the time that he brought his initial complaint. Defendants do not contend otherwise. Defendant Fisher nevertheless argues that, because Plaintiff later amended his complaint to include a new claim that had not accrued at the time Plaintiff filed his initial complaint, Plaintiff's claim must be dismissed as it was not exhausted (nor could it have been) before Plaintiff brought suit.

However, Plaintiff complied with the requirements of *Vaden* by exhausting his only claim at the time he filed his initial complaint. *See Vaden*, 449 F.3d at 1050-51. To adopt Defendant's construction of § 1997(e) would be to eliminate the requirement that Plaintiff exhaust "available" administrative remedies. *See Brown v. Valoff*, 422 F.3d 926, 938-40 (9th Cir. 2005) (plaintiff need not exhaust remedies that are not in fact available). Because Plaintiff's claim had not accrued at the time he filed suit, there were no administrative remedies available to him with respect to that claim. Furthermore, Defendant's construction runs counter to the Congressional policies embodied in 1997(e). Requiring Plaintiff to file two separate law suits because he has a new claim for which he could not have sought administrative review when he filed his initial complaint does not "reduce the quantity or improve the quality of prisoner suits." *See Porter*, 534 U.S. at 524-25. As long as a plaintiff has exhausted a new claim by the time the complaint is amended, there is no danger that redress will be sought from the federal courts before the administrative process has culminated.

The real question is whether Plaintiff exhausted his administrative remedies with respect to his new claim at the time that he amended his complaint. The CDR provides a four-step grievance process for inmates: an informal level, a first formal level, a second formal level, and Director's level review. *Brown*, 422 F.3d at 929-30 (citing Cal. Code Regs. tit 15, §§ 3084.5, 3084.6). In California, if Director's level review can furnish

1   relief, a prisoner must complete that level of review to exhaust his remedies. *See Vaden*,
2   449 F.3d at 1049, 1051 (prisoner who brought suit after submitting his grievance to the
3   Director but before the Director responded did not exhaust his administrative remedies);
4   *Butler v. Adams*, 397 F.3d 1181, 1183 ("completion of the [statutorily required appeals]
5   form, *followed by [plaintiff] taking all the steps of the administrative appeals process*,
6   achieved the purposes of the PLRA's exhaustion requirement . . . .") (emphasis added);
7   *cf. Brown*, 422 F.3d at 938-39 (prisoner was not required to complete the Director's
8   level review when his request for administrative action was beyond the scope of the
9   appeals process, rendering further review pointless).

10   Plaintiff, however, failed to exhaust his administrative remedies before he filed his
11   amended complaint. Plaintiff filed his Appeal Form requesting Director's level review on
12   February 9, 2009; he filed his amended complaint on March 6, 2009; and he received a
13   response from the Director on April 13, 2009. Without waiting to receive a response
14   from the Director, Plaintiff could not know whether the administrative process would
15   leave his grievances unredressed. In fact, Plaintiff submitted evidence that he obtained
16   some relief from the Director. Plaintiff's case was referred to the prison's Hiring
17   Authority for review of Plaintiff's allegations, and the Director ordered the prison to
18   ensure that staff address Plaintiff's complaints.   By filing his complaint before he had
19   received a response from the Director, Plaintiff failed to exhaust his administrative
20   remedies and his claim against Defendant Fisher must be dismissed without prejudice.
21   *See Lira v. Herrera*, 427 F.3d 1164 (9th Cir. 2005) ("When a plaintiff has filed a 'mixed'
22   complaint and wishes to proceed with only the exhausted claims, a district court should
23   simply dismiss the unexhausted claims when the unexhausted claims are not intertwined
24   with the properly exhausted claims.").

25   **B.     Claim Preclusion**

26   Defendants Cate, Enenmoh, and Greenman assert that Plaintiff's claims against
27   them are barred by res judicata because a California state court already adjudicated
28   Plaintiff's claims concerning the lack of adequate medical care at SATF and ASP.

1    Federal courts hearing § 1983 actions must give res judicata preclusive effect to state court
2    judgments. *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 83 (1984).  To
3    determine whether a state court judgment should have preclusive effect in a federal court
4    action, federal courts apply state rules governing preclusion.  *Id.* at 83-85. Defendants,
5    however, do not discuss in their Motion to Dismiss whether California would give
6    preclusive effect to Plaintiff's prior state habeas petition.
7         Defendants further allege that the Receiver appointed following *Plata v.*
8    *Schwarzenegger*, No. C01-1351, 2005 U.S. Dist. LEXIS 8878, 2005 WL 2932243 (N.D.
9    Cal. 2005), to manage the California prison medical health care delivery system was the
10   respondent in Plaintiff's state habeas petition and that Defendants are in privity with the
11   Receiver.   However, there is federal case law holding that claim preclusion does not apply
12   where the parties in two suits are sued in different capacities. *Andrews v. Daw*, 201 F.3d
13   521, 523 (4th Cir. 2000) ("[A] party appearing in an action in one capacity, individual or
14   representative, is not thereby bound by or entitled to the benefits of the rules of res
15   judicata in a subsequent action in which he appears in another capacity.") (quoting
16   Restatement Second of Judgments § 36(2) (1982)).
17        Plaintiff does not explain whether he is suing Defendants in their personal or
18   official capacities.  However, the fact that Plaintiff's original claims were directed at the
19   CDC and that those claims were brought in state habeas, which does not permit the
20   recovery of damages, suggests that, to the extent that Plaintiff's claims were directed at the
21   Receiver, they were directed at him in his official capacity.  In contrast, in this action,
22   Plaintiff seeks both damages and injunctive relief.  Because Defendants are state officers,
23   the Eleventh Amendment would prevent Plaintiff from obtaining damages if Defendants
24   were sued in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).
25   This suggests that Plaintiff is suing Defendants in their personal capacities.  If so,
26   Defendants may not be in privity with the Receiver.
27        For the Court to consider Defendants' claim preclusion defense, Defendants must
28   explain the jurisdictional basis for the state court's adjudication of Plaintiff's medical

1  inadequacy claims in a state habeas proceeding.  Defendants must also explain whether
2  Plaintiff's claims would be barred under state, and not federal, preclusion rules, and
3  whether Defendants would be considered privies with the Receiver under state law.
4  Finally, Defendants should identify which issues, if any, Plaintiff would be barred from
5  litigating under the doctrine of issue preclusion.

6  **C.  Defendants' Lack of Control Over Inmates' Medical Care**

7  Defendants assert that the *Plata* Receiver is the proper party in this action because
8  Defendants lack authority and control over medical care within the CDC.  This argument
9  was raised in *In re Estevez*, 165 Cal. App. 4th 1445, 83 Cal. Rptr. 3d 479 (Ct. App. 2008).
10 The plaintiff in that case brought a state habeas petition claiming that he was not provided
11 adequate medical treatment.  *Id.*  The Attorney General argued that the Secretary of the
12 CDC was not the proper respondent because responsibility over medical care had shifted
13 to the Receiver following *Plata*.  *Id.* at 1451-55, 83 Cal. Rptr. 3d at 483-87.  The state
14 court held that the state, through its appointed representative, "cannot abdicate its
15 constitutional responsibility to provide adequate medical care."  *Id.* at 1463, 83 Cal. Rptr.
16 3d at 492-93.  Strangely, Defendants do not cite this case, the reasoning of which this
17 Court finds persuasive.

18 Moreover, Defendants do not adequately explain why Defendants Greenman and
19 Enenmoh are not proper parties in this action.  Plaintiff has alleged that these Defendants
20 were personally and directly responsible for decisions that affected the adequacy of the
21 medical care Plaintiff received.  Plaintiff alleges, for example, that Defendant Enenmoh
22 caused Plaintiff's medications to be reduced, that Defendant Enenmoh refused to provide
23 Plaintiff with medical equipment, and that Defendant Enenmoh was contacted by attorneys
24 from the prison law office regarding Plaintiff's condition and that Defendant Enenmoh
25 provided false information to those attorneys regarding Plaintiff's care.  As to Defendant
26 Greenman, Plaintiff alleges, among other things, that Defendant Greenman knew that
27 Plaintiff needed pain medication and treatment and told Plaintiff that "she would help" and
28 did nothing to assist Plaintiff.  Defendants do not adequately explain why Defendants

Greenman and Enenmoh, who are apparently responsible for making decisions that affect the care of individual inmates, are not proper parties in this case.

IT IS THEREFORE ORDERED that Plaintiff's claim against Defendant Fisher be dismissed without prejudice [doc. # 10].

IT IS FURTHER ORDERED that Defendants provide additional briefing by November 20, 2009 with respect to their lack of authority and preclusion defenses.

DATED: October 22, 2009.

_____
Neil V. Wake
United States District Judge