**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Phillip Dunn,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Matthew Cate, et al.,<br><br>　　　　Defendants. | No. CV-08-0873-NVW<br><br>**ORDER** |

　　　　Plaintiff, proceeding *in forma pauperis*, brought this section 1983 action challenging the conditions of his confinement in two prisons within the California Department of Corrections and Rehabilitation (CDCR). Plaintiff's claim against Defendant Fisher was dismissed for failure to exhaust his administrative remedies. Only Plaintiff's claims for inadequate medical treatment against Defendants Cate, Greenman, and Enenmoh remain. On November 23, 2009, the Court ordered the remaining Defendants to provide further briefing on the two defenses asserted in their Motion to Dismiss. Specifically, the Court asked Defendants to provide further briefing with respect to: (1) whether Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel, and (2) whether Defendants are proper parties to this action in light of their alleged lack of authority over the medical policies and practices that Plaintiff complains of. The Court now resolves Defendants' Motion to Dismiss.

## I.     Background

Plaintiff claims that he was denied adequate medical care while he was housed at the Substance Abuse Treatment Facility and State Prison in Corcoran, California (SATF) and at Avenal State Prison (ASP).  Plaintiff suffers from various illnesses, including Chronic Pain Syndrome, Degenerative Disk Disease, and Failed Back Syndrome.  Plaintiff complains that Defendants have established a policy of arbitrarily denying inmates access to pain medication.  Plaintiff further claims that Defendants have arbitrarily reduced or eliminated his pain medication, arbitrarily taken away his wheelchair and knee braces and provided inadequate replacements, and prevented Plaintiff from seeing the surgeon who operated on his back in 2006 and from obtaining therapy after the surgery.

On March 13, 2008, approximately three months before Plaintiff filed suit in federal court, Plaintiff brought a petition for writ of habeas corpus in state court also alleging lack of adequate medical treatment.  Specifically, Plaintiff claimed that, while at SATF and ASP, his medication was arbitrarily reduced or eliminated, and his wheelchair and knee braces were taken away and inadequate substitutes provided.   Plaintiff alleged that the inadequate care provided to him was the result of established policies or practices.

In September 2008, the state court decided Plaintiff's claims on the merits, finding that Plaintiff was receiving appropriate review and attention with regards to his prescription pain medication, and that assistive devices that addressed Plaintiff's needs and preferences had been or were being procured pursuant to a Corrective Action Plan submitted to the court.  The state court subsequently dismissed Plaintiff's petition without prejudice to Plaintiff's ability to file a new petition if medical personnel failed to comply with the Corrective Action Plan. *In re Dunn*, No. 08W0047A  (Cal. Super. Ct. Kings County Sept. 15, 2008).

1  **I.      Standard of Review**

2          To avoid dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), a plaintiff must
3  "provide the grounds of [his] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S.
4  544, 555 (2007) (citation omitted).  The pleading must not merely allege conduct that is
5  conceivable, but a plaintiff must allege "enough facts to state a claim to relief that is
6  plausible on its face." *Twombly*, 550 U.S. at 556-57.  In considering a motion to dismiss,
7  "all factual allegations set forth in the complaint are taken as true and construed in the
8  light most favorable to plaintiff[]." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th
9  Cir. 2001) (citation and internal quotation marks omitted).

10 **II.     Analysis**

11     **A.      Defendants' Lack of Control Over Inmates' Medical Care**

12         Defendants assert that the *Plata* Receiver is the proper party in this action because
13 Defendants lack authority and control over medical care within the CDCR.  The Court
14 directed Defendants to provide further briefing in light of the seemingly contrary and
15 persuasive reasoning of *In re Estevez*, 165 Cal. App. 4th 1445, 83 Cal. Rptr. 3d 479 (Ct.
16 App. 2008), which held that the state, through its appointed representatives, "cannot
17 abdicate its constitutional responsibility to provide adequate medical care," even though a
18 Receiver has been appointed to manage the delivery of medical services to inmates in
19 California. *Id.* at 1463, 83 Cal. Rptr. 3d at 492-93.  Defendants responded that the
20 analysis of *In re Estevez* is inapplicable here because, in that case, the court held that
21 prison wardens no longer have authority to determine what medical care inmates receive,
22 and merely acknowledged that it would be proper for the warden to offer his or her
23 opinion regarding what would constitute adequate inmate medical care for the benefit of
24 the state court in fashioning appropriate habeas relief.

25         Defendants' reading of *In re Estevez* is incorrect.  The court in that case did
26 acknowledge that "inasmuch as [California law] requires the writ of habeas corpus be
27 directed to the person having custody of or restraining the person on whose behalf the
28 application is made, the warden would appear to be the respondent, while the Receiver

would appear to be the real party in interest." *Id*. at 1462, 83 Cal. Rptr. 3d at 492. However, the court went further and rejected the California Attorney General's claim that the Receiver was the sole and proper party to respond to medical claims, and that the warden need only respond to the extent necessary to establish the legality of the inmate's physical custody. The court stated,

> To the extent that the warden does not have control over an inmate's medical care due to specific restraints imposed by statute or court order, the warden may defer to such party as is legally mandated to provide the requisite care–at this juncture, the Receiver. However, we do not read the orders in *Plata* so broadly that we can conclude, with certainty, that responsibility for all inmate medical care has been removed from the state, regardless of the adequacy of care provided by a delegated authority. **In part, we so conclude because the state, and through its appointed representative, the warden, cannot abdicate its constitutional responsibility to provide adequate medical care, concomitant with which is the duty to assure said care is not dispensed without any regard for the effect on the prison system as a whole. That responsibility is uniquely that of the warden as representative of the state, as opposed to being that of the Receiver. In short, the existence of the orders in *Plata*, and the appointment of the Receiver, do not relieve the state of its constitutional responsibility to determine whether adequate care is in fact being provided, or whether the proposed [sic] medical care or actions to facilitate that care are inconsistent with the state's overall constitutional responsibility for public safety and welfare.**

*Id*. at 1463, 83 Cal. Rptr. 3d at 493 (emphasis added).

Defendants attempt to distinguish *In re Estevez* by construing Plaintiff's claims narrowly. To wit, Defendants contend that Plaintiff seeks to hold them personally liable in tort for establishing medical policies that harmed him, but that it is a matter of judicially noticeable fact that the Secretary of the CDCR could not have established those specific policies because the federal Receiver possesses the exclusive authority to do so. However, Plaintiff's claim is essentially one for failure to provide adequate medical care. Plaintiff contends that he did not receive adequate medication and assistive devices for his medical condition. The plaintiff in *In re Estevez* complained that he had not received adequate post-surgical care, therapy, and consultations as recommended by his surgeon. These claims are virtually indistinguishable. *Id*. at 1456, 83 Cal. Rptr. 3d at 487. Defendants do not adequately explain why the reasoning that the state cannot abdicate its

constitutional responsibility to provide medical care, and therefore the warden, as a representative of the state, is a proper respondent in a state habeas action alleging failure to provide adequate medical care is not equally compelling in a federal action naming Defendants and similarly alleging lack of adequate medical care.

*Medical Development International v. California Department of Corrections and Rehabilitation*, 585 F.3d 1211 (9th Cir. 2009), lends further support to the conclusion that Defendants are proper parties to this action. In that case, both the CDCR and the Receiver took the position that they were immune from suit on a contract action seeking damages--the Receiver because he was covered by judicial immunity, and the CDCR because the claim against it arose from the CDCR's compliance with the Receiver's orders. *Id.* at 1220. The court, however, disapproved of what it called a "Catch-22 gambit," and explained that "some courthouse door" should be open to the plaintiff. *Id.* at 1221. The court further noted with approval that, "[i]t would be possible to let claims against CDCR simply proceed against CDCR, presumably in state court, without directly involving the Receiver or requiring him to be named as a party. Indeed, we have been informed that some legal actions, such as individual suits by prisoners complaining about medical services provided to them, have been treated that way."[1] *Id.* The fair import of both *Medical Development International* and *In Re Estevez* is that the Secretary of the CDCR and his or her subordinates are proper parties in an action by an inmate alleging lack of adequate medical care. Therefore, Defendants' contention that they are not proper parties in this action fails.

---

[1] The action in *Medical Development International* could not have proceeded in federal court because the Eleventh Amendment would presumably have barred an action for damages in federal court against the CDCR, and MDI sought damages. However, this is not the case in a federal court action requesting prospective injunctive relief and/or damages against state officers in their personal capacities.

- 5 -

**B.     Preclusion**

Defendants assert that Plaintiff's claims against them are barred because a California state court already adjudicated Plaintiff's claims concerning the lack of adequate medical care at SATF and ASP.  Federal courts hearing § 1983 actions must give preclusive effect to state court judgments. *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 83 (1984).  To determine whether a state court judgment should have preclusive effect in a federal court action, federal courts apply state rules governing preclusion. *Id*. at 83-85.  In California, a party is precluded from relitigating an issue already decided if there was a final judgment on the merits, the issue decided in the prior adjudication is identical to the one presented in the new action, and the party against whom preclusion is asserted was a party, or in privity with a party, to the prior adjudication. *Miller v. Superior Court*, 168 Cal. App. 3d 376, 381, 214 Cal. Rptr. 125, 128 (Ct. App. 1985).  California law also allows for the defensive use of collateral estoppel by a party who was a stranger to the first action. *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1688, 71 Cal. Rptr. 3d 185, 201 (Ct. App. 2008) (citing *Bernhard v. Bank of America*, 9 Cal. 2d 807, 812-13, 122 P.2d 892, 894-95 (1942)).

A decision actually rendered in a California state habeas court action precludes an identical issue from being relitigated in a subsequent section 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards. *See Silverton v. Dept. of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981).   Two issues that Plaintiff raises here were actually decided in Plaintiff's prior state habeas case.  Those are whether Defendants have provided adequate assistive medical devices and whether Plaintiff received appropriate prescription pain medication.  With respect to the claim that Defendants did not provide him with adequate assistive devices, the state habeas court found that, "In regards to [Plaintiff's] other assistive medical appliances, it appears that [the CDCR] has provided the same to [Plaintiff] and/or is actively engaged in securing items which adequately address [Plaintiff's] medical needs."  With respect to the claim that Defendants did not provide adequate medication,

the state habeas court found that, "in regards to his prescription pain medications, Petitioner appears to be receiving appropriate review and attention." The state habeas court also noted that the denial of the state habeas petition was without prejudice to Petitioner's ability to refile if Defendants failed to act in a manner consistent with the Corrective Action Plan developed to satisfy Plaintiff's medical needs. However, nowhere in his complaint does Plaintiff allege that Defendants have failed to comply with the Corrective Action Plan.[2] Plaintiff had a full and fair opportunity to litigate these issues in the prior state habeas action, the state habeas court rendered a final judgement on the merits, and Plaintiff was a party to the previous action. Plaintiff is therefore collaterally estopped from raising these claims in this action.

Plaintiff, however, is not barred from asserting a claim for damages with respect to the initial deprivation of his assistive devices. The state habeas court specifically declined to address that issue stating, "In regards to [Plaintiff's] claims concerning the original confiscation of his wheelchair, such a claim for liability and damages is more properly addressed in one of the alternate civil forums of recovery available to [Plaintiff]." Plaintiff is also not barred from asserting a claim concerning Defendants' alleged denial of therapy and treatment following Plaintiff's back surgery in 2006, because the state habeas court did not address that issue.

Defendants have also asserted the defense of res judicata. However, Defendants have not satisfied their burden to shown that the doctrine of res judicata applies. In California, a plaintiff is not barred from raising claims that could not have been raised in a previous action. *See Landeros v. Pankey*, 39 Cal. App. 4th 1167, 1174, 46 Cal. Rptr. 2d 165, 169 (Ct. App. 1995) ("Collateral estoppel does not apply to an issue which could not have been raised in the prior proceeding."); *Vella v. Hudgins*, 20 Cal. 3d 251, 255, 572

---

[2] Plaintiff alleges that Defendants have failed to comply with the Corrective Action Plan in his Response to Defendant's Supplemental Brief for Motion for Summary Judgment. However, the Court will not consider new claims raised in a responsive brief that were not alleged in the complaint.

- 7 -

P.2d 28, 30 (1977) (holding that judgment in unlawful detainer has very limited res judicata effect because only a limited number of claims are cognizable in such actions). The state habeas court explicitly stated that with respect to Plaintiff's claim concerning the original confiscation of his assistive devices, such a claim for *liability and damages* could and would not be addressed in the state habeas action. Defendants contention that Plaintiff's entire action is barred by res judicata therefore fails.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (doc. # 19) is granted in part and denied in part. All claims are dismissed except Plaintiff's claim concerning the initial deprivation of his assistive devices and Plaintiff's claim that he was not allowed to see the doctor or obtain therapy after having back surgery.

DATED this 12th day of January, 2010.

_____
Neil V. Wake
United States District Judge