WO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Fresno Division

| | | |
|---|---|---|
| Phillip Dunn, | ) | No.CIV 08-873-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Matthew Cate, et al., | ) | |
| Defendants. | ) | |

Before the Court are Plaintiff Dunn's Motion for Temporary Restraining Order and Preliminary Injunction (doc. #42), Motion to Amend Complaint (doc. #40), Motion for Reconsideration (doc. #41), and Motion to Appoint Counsel (doc. #38), which the Court denies.

**I.     Motion for Preliminary Injunction/Temporary Restraining Order**

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." *Whitman v. Hawaiian Tug & Barge Corporation/Young Bros. Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Id*. The traditional criteria for granting a preliminary injunction are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3)

1  a balance of hardships favoring plaintiff; and (4) advancement of the public interest (in
2  certain cases)." *Johnson v. California Sate Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.
3  1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir.
4  2003). Alternatively, the moving party may show either: "(1) a likelihood of success on the
5  merits and the possibility of irreparable injury; or (2) that serious questions going to the
6  merits were raised and the balance of hardships tips sharply in its favor." *Walczak v. EPL
7  Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999). These are not two separate tests; they
8  represent "extremes of a singular continuum." *Id.* In cases brought by prisoners involving
9  conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no
10 further than necessary to correct the harm the court finds requires preliminary relief, and be
11 the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

12        Dunn alleges that his wheelchair is inadequate and is exacerbating his back problems
13 causing repetitive motion injury, as well as harm to his left shoulder and hand. He also
14 alleges that he experiences continuous pain, stiffness, swelling of the limbs, spasms and
15 uncontrolled shaking, and had been denied access to specialists to treat these conditions.
16 He further complains that an X-Ray to his hand showed a badly healed fracture and a certain
17 Dr. Metts recommended that he be seen by an orthopedist in October 2009, but prison
18 officials have denied him access to an orthopedist. Dunn also avers that he had an MRI done
19 on his shoulder in September 2008, but an orthopedist has yet to look at the images. Dunn
20 seeks a preliminary injunction requiring Defendants to provide him a "Quicke" wheelchair
21 and to arrange for an examination and plan of treatment by qualified specialists.

22        Dunn has provided his own affidavit to substantiate his claims, but has not provided
23 any supporting medical records. Defendants provided the affidavit of Dr. Enenmoh, the
24 Chief Medical Officer at the Substance Abuse Treatment Facility in Corcoran California
25 (SATF), where Dunn is currently housed, and a copy of Second Level Appeal Response that
26 outlines Dunn's treatment as of August 10, 2009.

27
28

1  Dunn has not shown a likelihood of success on the merits. With regards to Dunn's
2  claims that he is not receiving adequate pain medication and has been given an inadequate
3  wheelchair, the records submitted by Defendants appear to show that Dunn has been
4  receiving regular medical attention and medication for his chronic pain condition and that
5  he has been seen by several physicians and/or nurses who have independently found that his
6  wheelchair is adequate. Dunn offers no evidence to the contrary. It is well established that
7  mere differences of opinion concerning what constitutes appropriate treatment cannot be the
8  basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.
9  1996). Dunn's belief that he needs a different course of treatment is not enough to establish
10 a likelihood of success on the merits.

11  Dunn's contentions regarding his shoulder and hand appear to be unconnected to any
12 of the claims in the First Amended Complaint. In fact, it is not clear from Dunn's motion
13 whether the injunction he asks for has anything to do with these contentions, as the bulk of
14 the motion concerns Dunn's claims that he is not receiving adequate pain medications and
15 has been given an inadequate wheelchair. Dunn therefore has failed to establish a likelihood
16 of success on the merits with respect to these contentions as well.

17  An essential prerequisite to the granting of a preliminary injunction is a showing of
18 irreparable injury in its absence. *Dollar Rent A Car of Washington, Inc. v. Travelers Indem.*
19 *Co.*, 774 F.2d 1371, 1374-75 (9th Cir. 1985). Although it is true that without an adequate
20 wheelchair or adequate pain medications Dunn could suffer irreparable injury, Dunn has not
21 met his burden to establish that his pain medications are inadequate or that he does not have
22 an adequate wheelchair. As explained, the record appears to show that Dunn receives regular
23 medical attention. The prison's medical staff is in a better position than the Court to evaluate
24 what Dunn's appropriate course of medical treatment should be.

25  Dunn has also not shown that the balance of the hardships tips in his favor. It is
26 doubtful that requiring Defendants to give Dunn the brand of wheelchair he prefers would
27 benefit Dunn when he already has a wheelchair that prison physicians have determined is
28

- 3 -

1 adequate. The same is true of Dunn's request that Defendants "arrange for an examination
2 and plan of treatment by [a] qualified specialist."

3 **II.    Motion to Amend Complaint**

4 Dunn seeks leave of Court to amend his First Amended Complaint. The Local Rules
5 for the Eastern District of California provide that "every pleading to which an amendment
6 or supplement is permitted as a matter of right or has been allowed by court order shall be
7 retyped and filed so that it is complete in itself without reference to the prior or superseded
8 pleading." L.R. 220. Dunn's motion however is unclear as to whether he is asking the Court
9 to replace portions of his First Amended Complaint or whether he is seeking leave to file a
10 new complaint. Dunn's request is therefore improper and not in compliance with the local
11 rules.

12 Moreover, although under Fed. R. Civ. P. 15(a), leave to amend should be freely given
13 when justice so requires, *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132,
14 1136 (9th Cir. 2006), it appears from Dunn's motion that granting leave to amend would not
15 be justified. Dunn seeks to add an injunction that would allow him to receive the medical
16 equipment that he "knows will be right for his needs." However, Dunn is not entitled, as a
17 matter of right, to the medical equipment he thinks best suits his needs. *See Jackson v.*
18 *McIntosh*, 90 F.3d at 332. Dunn also seeks to reduce the amount of punitive damages he
19 requests in light of the Court's January 12, 2010 order dismissing some of his claims.
20 However, if the litigation reaches that stage, the trier of fact will determine the amount of
21 damages, if any, that Dunn should be awarded, and that amount may very well vary from
22 what is requested in the complaint. Finally, Dunn wants to restate the injunctive relief sought
23 to request that the Court order the California Department of Corrections and Rehabilitation
24 to create a "system of holding staff persons in charge of the inmates' health concerns
25 responsible for their actions," and that "peer groups be formed" that "include inmates." An
26 injunction so worded would appear to seriously encroach upon the executive's discretion to
27 run the prison system. *See generally, Bell v. Wolfish*, 441 U.S. 520, 562 (1979).

28

### III. Motion for Reconsideration

Dunn asks the Court to reconsider its January 12, 2010 order (doc. #31), which granted in part and denied in part Defendants' Motion to Dismiss (doc. #19). Specifically, Dunn asks the Court to reconsider its finding that Plaintiff's claims concerning the denial of pain medication by prison officials are barred by the doctrine of res judicata. Dunn contends that the state habeas petition "only dealt with medication changes Dr. Enenmoh was responsible for" while Dunn was housed at the Substance Abuse Treatment Facility in Corcoran California (SATF), and not with Dr. Greenman's actions while Dunn was housed at Avenal State Prison (ASP).

However, Dunn does not offer new facts or legal authority that warrant setting aside the Court's January 12, 2010 order. The California Superior Court specifically considered the medical treatment Dunn received while he was housed at ASP and SATF and found that "in regards to his prescriptions for pain medications, Petitioner appears to be receiving appropriate review and attention." In particular, the Superior Court considered a report submitted by J. Clark Kelso, the Receiver for the California state prison medical care system, in which he discussed Dunn's "long and complex Chronic Pain history" going back to when Dunn was housed at ASP. (Doc. #19 Exh. 11). Also, in his petition, Dunn included allegations and facts in support thereof, which the Superior Court considered, concerning prison officials' failure to provide him adequate pain medications while housed at ASP. As explained in the Court's January 12, 2010 order, Dunn's claims concerning prison officials' failure to provide adequate pain medications are therefore barred by the doctrine of claim preclusion.

### IV. Motion to Appoint Counsel

Dunn asks the Court to appoint counsel for him. However, there is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Ala.*, 673 F.2d 266 (9th Cir. 1982). A court cannot compel a lawyer to represent an indigent plaintiff. *Mallard v. U.S. District Court for the District of Iowa*, 490 U.S. 296 (1989). The only statutory authority creating a basis for appointment is 28 U.S.C. § 1915(e)(1), which

1  confers on the court discretion to appoint counsel to represent an indigent litigant. *See*
2  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). An appointment of counsel may be
3  requested under 28 U.S.C. § 1915(e)(1) only in exceptional circumstances. *See id*.

4  A finding of exceptional circumstances requires an evaluation of both "the likelihood
5  of success on the merits and the ability of the petitioner to articulate [his] claims *pro se* in
6  light of the complexity of the legal issues involved." *Richards v. Harper*, 864 F.2d 85 (9th
7  Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor
8  is dispositive and both must be viewed together before reaching a decision. *See Wilborn v.*
9  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

10  Dunn has not shown a likelihood of success on the merits, only a dispute. Moreover,
11  Dunn's difficulty in presenting his claims pro se is not based on the complexity of the legal
12  issues involved but rather on the general difficulty of litigating pro se. *See generally id*.
13  Dunn has done a credible job in filing his claims, presenting motions, and filing supporting
14  papers. Further, there is no evidence that he is incompetent. Therefore, the Court will not
15  seek volunteer counsel at this time.

16  IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (doc.
17  #41) is denied.

18  IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (doc. #40)
19  is denied.

20  IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining
21  Order/Preliminary Injunction (doc. #42) is denied.

22  IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (doc. #38)
23  is denied.

24  DATED this 16th day of April, 2010.

25
26  _____
27  Neil V. Wake
    United States District Judge
28