WO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Fresno Division

| | |
|---|---|
| Phillip Dunn, | No.CIV 08-873-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Matthew Cate, et al., | |
| Defendants. | |

Before the Court is Plaintiff Dunn's Motion for Reconsideration re Motion for Temporary Restraining Order (doc. #51). For the following reasons, the Court will deny the motion.

On March 13, 2008, approximately three months before Dunn filed this suit, Dunn brought a petition for writ of habeas corpus in state court alleging lack of adequate medical treatment. Dunn claimed that, while at SATF and ASP, his medication was arbitrarily reduced or eliminated, and his wheelchair and knee braces were taken away and inadequate substitutes provided. In September 2008, the state court decided Dunn's claims on the merits, finding that Dunn was receiving appropriate review and attention with regards to his prescription pain medication, and that assistive devices that addressed Dunn's needs and preferences had been or were being procured pursuant to a Corrective Action Plan submitted to the court. The state court subsequently dismissed Dunn's petition without prejudice to

Dunn's ability to file a new petition if medical personnel failed to comply with the Corrective Action Plan. *In re Dunn*, No. 08W0047A  (Cal. Super. Ct. Kings County Sept. 15, 2008).

The first amended complaint alleges that Dunn was denied adequate pain medication and an adequate wheelchair during the time period covered by the state habeas court's ruling. In its January 12, 2010 order (doc. # 31), the Court found that Dunn could not relitigate those issues because the state habeas court had already decided them.  The Court dismissed all of Dunn's claims except his claim concerning the initial deprivation of his assistive devices and his claim that he was not allowed to see a doctor or obtain therapy after having back surgery.

In his Motion for Reconsideration, Dunn asserts new claims, not present in the first amended complaint, concerning the current deprivation of adequate pain medication and the prison's failure to provide him with a lighter wheelchair recommended by a doctor as recently as March 17, 2010.  Dunn cannot show a likelihood of success on the merits of those claims because those claims are not within the scope of this case.  Therefore, his Motion for Reconsideration will be denied. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally.").  However, Plaintiff is not precluded from filing a new law suit asserting those claims and from requesting a temporary restraining order in that suit, provided he has first exhausted all administrative remedies.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (doc. #51) is denied.

DATED this 27th day of May, 2010.

_____
Neil V. Wake
United States District Judge